IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| **BOISE CASCADE COMPANY,** | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, INJURY TO BUSINESS REPUTATION, DILUTION, AND UNFAIR TRADE PRACTICES** |
| **NEW ENGLAND TREATMENT ACCESS, LLC,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Boise Cascade Company, for its complaint against Defendant New England Treatment Access, LLC, states and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), for trademark infringement under federal and state common law, for injury to business reputation and dilution under Massachusetts General Laws, Chapter 110H, § 13, and for unfair trade practices under Massachusetts General Laws, Chapter 93A, §§ 2, 11.

## PARTIES

2.     Plaintiff Boise Cascade Company ("Plaintiff" or "Boise Cascade") is a company organized under the laws of Delaware with a principal place of business at 1111 West Jefferson Street, Boise, Idaho 83702.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

3.     Boise Cascade is a publicly-owned integrated forest products company, whose operations include engineered wood products, plywood, lumber and particleboard manufacturing facilities, and whose products are distributed through various channels throughout the United States, including in Massachusetts. Boise Cascade also operates wholesale building products facilities that distribute a broad line of building materials, including wood products manufactured by Boise Cascade. Boise Cascade has at least 33 distribution centers throughout the United States, including one in Westfield, Massachusetts. Boise Cascade also has a distribution sales and support center in Billerica, Massachusetts.

4.     Upon information and belief, Defendant New England Treatment Access, LLC ("Defendant" or "NETA") is a domestic limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 5 Forge Parkway, Franklin, Massachusetts 02038. New England Treatment Access, Inc., a Massachusetts non-profit corporation, was formed in 2013 and, on March 19, 2018, converted into a domestic profit corporation, New England Treatment Access, Inc., which, on March 19, 2018, converted into New England Treatment Access, LLC.

5.     Upon information and belief, Defendant NETA has two physical retail locations in the Commonwealth of Massachusetts at the following addresses: (1) 160 Washington St. Brookline, Massachusetts, and (2) 118 Conz St. Northampton, Massachusetts.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1332(a) (diversity jurisdiction);

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

and 28 U.S.C. § 1367 (supplemental jurisdiction).

7.     This Court has general personal jurisdiction over Defendant because Defendant has continuous and systematic contacts within the Commonwealth of Massachusetts, including by marketing, distributing, and selling its products within the Commonwealth of Massachusetts. The Court also has general and specific personal jurisdiction over Defendant because Defendant has two physical retail locations in Massachusetts (one in Brookline and one in Northampton) where infringing activities have occurred and presently are occurring. This Court also has specific personal jurisdiction over Defendant because Defendant's infringing activities giving rise to this action, at least in part, have occurred and continue to occur within the Commonwealth of Massachusetts.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant resides in this District, Defendant is transacting business within this District, and a substantial part of the events giving rise to the claims in this action occurred within this District.

## BACKGROUND

### Plaintiff Boise Cascade Company

9.     Boise Cascade Corporation was created through the merger of Boise Payette Lumber and Cascade Lumber in or around 1957. At the time of its creation, Boise Cascade Corporation owned and managed timberlands, grew and harvested timber, and manufactured, distributed and sold lumber, lumber products, and building materials. Over the decades, Boise Cascade Corporation expanded its business into a variety of fields.

10.    In 2004, Boise Cascade, L.L.C. purchased Boise Cascade Corporation's paper and forest product assets, including its Tree-in-a-Circle trademarks and the name "Boise Cascade."

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

At the time of the purchase, Boise Cascade Corporation had developed from a predominately manufacturing-based company to a world-scale distribution company. Its businesses included paper, packaging, newsprint, office products distribution, wood products manufacturing (including engineered wood, lumber, plywood, and particleboard), and building materials distribution.

11.     In 2008, Boise Cascade, L.L.C. sold the paper, packaging, and newsprint business, and retained ownership and rights to the Tree-in-a-Circle trademarks and the "Boise Cascade" name. Boise Cascade subsequently became a publicly-held entity and changed its name to Boise Cascade Company.[1]

12.     Today, Boise Cascade Company is a leading manufacturer of engineered wood, plywood, lumber and particleboard, and a distributor of building materials used to build homes and businesses. Boise Cascade Company is one of the largest producers of engineered wood products and plywood in North America and is a leading U.S. wholesale distributor of building products. Boise Cascade Company provides these goods and services with its Tree-in-a-Circle trademarks shown below prominently displayed.



---

[1] References to "Boise Cascade" in this Complaint include Boise Cascade Company, and its predecessor Boise Cascade Corporation.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

13.     Since at least 1964, Boise Cascade Company and its predecessor (Boise Cascade Corporation) have maintained ownership of and continuously used the Tree-in-a-Circle trademarks on or in association with their varied goods and services.

14.     Boise Cascade was not historically limited to the forestry and building products industries. Throughout its 55 years of use of its Tree-in-a-Circle trademarks, Boise Cascade has acquired and been involved in a variety of industries and offered, through its businesses, a diverse array of goods and services that bore the Tree-in-a-Circle trademarks. Specifically, Boise Cascade owned and managed hundreds of thousands (and eventually millions) of acres of timberlands and grew and harvested timber, which Boise Cascade converted into lumber and building materials at its numerous lumber manufacturing plants. Boise Cascade then distributed and sold this lumber with the Boise Cascade name and Tree-in-a-Circle trademarks prominently displayed.

15.     In or about 1957, Boise Cascade entered the pulp and paper industries to better utilize the wood byproducts of its logging and sawmilling operations. Over the years, Boise Cascade operated both pulp and paper manufacturing facilities, as well as corrugated container manufacturing facilities that manufactured corrugated containers for shipping food and other goods. Boise Cascade eventually added printing and business papers, standard and specialty envelopes, paper bags, and colored paper to its diverse array of goods and services. Boise Cascade also expanded to newsprint and particleboard manufacturing. Boise Cascade has owned, among other things, sawmills, paper mills, container plants, building material stores, sand and gravel mining plants, concrete plants, and facilities manufacturing burlap and textile bags, canvas products and outdoor furniture.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

16.     In 1964, Boise Cascade acquired a wholesale distributor of office supplies, with warehouses all over the United States, and, by 1965, Boise Cascade had approximately 125 warehouses nationwide that served as distribution centers for its 109 retail outlets. As it did with its paper, packaging and wood products businesses, Boise Cascade over the years significantly expanded its consumer office products sale and distribution businesses. Boise-Cascade-branded office supplies were marked with the Tree-in-a-Circle trademarks, as were the distribution centers.

17.     Between 1964 and 2008, Boise Cascade manufactured and sold tens-of-millions of tons of paper and paperboard bearing the Tree-in-a-Circle trademark with revenues in the billions of dollars. These paper products were sold and distributed throughout the United States, through Boise Cascade's office products business and other channels, but in all cases the Tree-in-a-Circle trademark was prominently displayed.

18.     Boise Cascade continued to diversify its business, and by the 1980s and into the 1990s, Boise Cascade had moved its focus to its timber/lumber, paper, and office supplies industries, and specifically to the distribution side of the business. Boise Cascade opened distribution centers—bearing its Tree-in-a-Circle trademarks—throughout the country to distribute Boise Cascade's vast building materials and office supplies businesses.

19.     By 2000, Boise Cascade had significantly expanded its office supplies distribution business and its lumber and building supplies distribution business, transforming the company from a predominately manufacturing-based company to a world-scale distribution company. Boise Cascade had 28 business materials distribution centers in the United States, each with the Tree-in-a-Circle trademarks prominently displayed. The Tree-in-a-Circle trademarks were not

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

only displayed on paper, corrugated containers, engineered wood, plywood and other products, but also on trucks and railcars transporting those products and on Boise Cascade buildings. The Tree-in-a-Circle trademarks were and are used on the Boise Cascade letterhead, webpage, marketing and promotional materials, as well as on its goods and services.

20.    Throughout its long history of acquiring and selling a variety of companies involved in diverse activities (i.e., residential and mobile home construction, recreational vehicle production, publishing, real estate, and cruise management), Boise Cascade has maintained and promoted its Tree-in-a-Circle trademarks, and the Boise Cascade Tree-in-a-Circle trademarks have been prominently displayed on Boise Cascade's marketing materials, products, offices, and distribution trucks.

21.    Today, Boise Cascade manufactures plywood, engineered wood products, and lumber, and provides engineering wood products software. Boise Cascade is dedicated to sustainable forestry and to ensuring that its operations will not pose a significant risk to public health or the environment. It makes environmental compliance a priority and emphasizes pollution prevention and efficient use of resources in planning and operating its facilities. Boise Cascade is proud of its reputation and of the quality of its products, which bear its Tree-in-a-Circle trademarks.

22.    Boise Cascade is a government contractor and complies with the Federal Drug-Free Workplace Act. Boise Cascade provides a drug-free (including cannabis-free) workplace and requires all its employees to submit to random drug testing.

23.    Boise Cascade markets and sells its products and services in every state in the country. Boise Cascade's products are available in retail stores such as Home Depot and Lowe's

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

Home Improvement, as well as through lumber dealers, builders, framers, architects, engineers, and residential designers.

24.     Boise Cascade's Tree-in-a-Circle trademarks are prominently displayed on or around Boise Cascade's wood and lumber products.

25.     Boise Cascade also supplies a broad line of wood products and building materials through its 33 distribution locations nationwide. These products and materials include, but are not limited to: engineered wood products; dimension lumber and studs; structural and specialty panels; boards and trim; decking and railing; specialty wood products; siding; metal products; roofing products; housewrap, flashings and waterproofing; gypsum and backer board; doors, insulation; and adhesives, caulking and sealants. Boise Cascade is a national distributor of these products and services to lumber and building material dealers, home improvement centers (including national stores such as Home Depot and Lowe's), and industrial customers.

26.     Boise Cascade has a distribution center in Westfield, Massachusetts, and a sales, buying and administrative office in Billerica, Massachusetts.

27.     Boise Cascade distributes its products throughout the Commonwealth of Massachusetts. Boise Cascade's Tree-in-a-Circle trademarks are prominently displayed on Boise Cascade's products, distribution trucks, and distribution centers.

28.     Boise Cascade's distribution trucks in Massachusetts—prominently marked with Boise Cascade's Tree-in-a-Circle trademarks—drive nearly 250 miles a day, distributing Boise-Cascade-marked products and other wood and building materials to Boise Cascade's customers. Boise Cascade trucks drive by both of Defendant's locations in Massachusetts. Boise Cascade has customers located in close proximity to Defendant's Northampton location, to which

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

customers Boise Cascade delivers its goods on trucks marked with Boise Cascade's Tree-in-a-Circle trademarks.

29.    Boise Cascade is a public company traded on the New York Stock Exchange under the symbol BCC. It reported nearly $5 Billion in sales and revenue for 2018, which was 12 percent higher than its reported $4.43 Billion in sales and revenue for 2017. Prior to that, in 2016, Boise Cascade reported $3.91 Billion in sales and revenue and $3.63 Billion in 2015. Boise Cascade is ranked #562 in the 2018 Fortune 500 list.

30.    Boise Cascade has over 6,000 employees in the United States, with 135 of those employees located in the Commonwealth of Massachusetts.

**Plaintiff Boise Cascade's Tree-in-a-Circle Trademarks**

31.    Boise Cascade owns the Tree-in-a-Circle trademarks, in any color. In particular, it owns the Tree-in-a-Circle trademarks in black-and-white and in green, as shown below:



32.    Boise Cascade began using its Tree-in-a-Circle trademarks—in both black-and-white and in green—in commerce over 55 years ago. Since that time, for over 55 years, Boise Cascade has continuously used in commerce the Tree-in-a-Circle trademarks in both green and black-and-white. Accordingly, Boise Cascade has common law rights in its Tree-in-a-Circle trademarks.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

33.     Boise Cascade, in accordance with Federal Law, has registered its Tree-in-a-Circle design as a trademark for various goods and services with the United States Patent and Trademark Office, and owns the following valid and subsisting registrations: (1) U.S. Registration No. 1,183,781, registered on December 29, 1981; (2) U.S. Registration No. 1,503,401, registered September 6, 1988; (3) U.S. Registration No. 3,868,925, registered on November 2, 2010; and (4) U.S. Registration No. 4,279,174, registered January 22, 2013. Each of these United States Federal Trademark Registrations are incontestable under 15 U.S.C. § 1065.

34.     Boise Cascade also has over 70 registrations worldwide, 34 of which include its distinctive Tree-in-a-Circle design.

35.     Boise Cascade provides quality products and services to wholesalers, retail dealers, and builders to meet the construction needs of end users. Boise Cascade manufactures engineered wood products, plywood and lumber. It is a leader in the industry, focusing on growth and innovation to give its customers the highest quality products and service with a competitive edge. As a result, Boise Cascade's Tree-in-a-Circle trademarks have become one of the most recognized in the wood, forestry, and building materials industries, and are well-known in any industry.

36.     Throughout its 55-year history, Boise Cascade has used its Tree-in-a-Circle trademarks to identify its quality wood products, building materials, and forestry services, as well as a list of other goods and services. Boise Cascade has had a long history of expansion, involvement in various industries and businesses, and manufacturing, selling, and distributing

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

high-quality products—including office supplies and paper products—bearing the Tree-in-a-Circle trademarks.

37.     Throughout its 55-year history, Boise Cascade has set out to make high-quality wood and building products and to provide the best service to its customers. Boise Cascade has committed and expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its products and services. These efforts have resulted in Boise Cascade achieving a high level of brand recognition for its products and services.

38.     Boise Cascade promotes its current wood-related products in many ways, including on its website, in brochures and marketing materials, on its buildings and trucks, and on its goods and services. The Tree-in-a-Circle trademarks appear prominently on its website and on the packaging and labeling of Boise Cascade's products.

39.     Boise Cascade promotes its business and reputation by prominently displaying its Tree-in-a-Circle trademarks on promotional items, such as catalogs, flyers, guides, memo pads, shirts, jackets, hats, socks, tumblers, pens and pencils, golf balls, coolers, note pads, chargers, USB drives, frisbees, tape measures, hand sanitizers, backpacks, bags, pizza cutters, bottle openers, mugs, etc.

40.     Boise Cascade has developed a significant amount of goodwill in its Tree-in-a-Circle trademarks and has established an excellent business reputation. The Boise Cascade Tree-in-a-Circle trademarks are well-known and respected by consumers. The Boise Cascade Tree-in-a-Circle trademarks represent products and services indicative of Boise Cascade's decades-long commitment to providing high-quality, innovative products and services to its consumers.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

41.    The Boise Cascade Tree-in-a-Circle trademarks are inherently distinctive and serve to identify and indicate the source of Boise Cascade's products and services to the consuming public.

42.    As a result of the long use and promotion of the Tree-in-a-Circle trademarks by Boise Cascade, the Boise Cascade Tree-in-a-Circle trademarks have become distinctive to designate Boise Cascade, to distinguish Boise Cascade and its products and services from those of others, and to distinguish the source or origin of Boise Cascade's products and services. Because of these efforts by Boise Cascade, Boise Cascade's customers and potential purchasers throughout the Commonwealth of Massachusetts and throughout the United States widely recognize and associate the Boise Cascade Tree-in-a-Circle trademarks with Boise Cascade's wood products, building materials, and forestry services.

43.    Boise Cascade has developed a strong reputation and substantial goodwill among consumers and has obtained common-law rights in the Boise Cascade Tree-in-a-Circle trademarks.

**Defendant NETA's Infringing Activities**

44.    Upon information and belief, Defendant NETA is in the cannabis industry.

45.    Upon information and belief, Defendant NETA has two locations in Massachusetts: one in Brookline and one in Northampton, Massachusetts.

46.    Upon information and belief, New England Treatment Access, Inc., a Massachusetts non-profit corporation, was formed in 2013 and in 2018 converted into a domestic profit corporation, New England Treatment Access, Inc., which in 2018 converted into Defendant NETA.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

47. Defendant promotes its products and services under a confusingly similar tree-in-a-circle logo (the NETA "tree-in-a-circle logo"). Shown below are side-by-side comparisons of the NETA tree-in-a-circle logo and the Boise Cascade Tree-in-a-Circle trademarks:

| NETA | Boise Cascade |
|---|---|
| | |
| | |

48. The NETA tree-in-a-circle logo, which is often presented in a nearly-identical green as that of Boise Cascade's Tree-in-a-Circle trademark, is prominently displayed on Defendant's website and on its cannabis products, as shown below:



COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES




49.     Defendant is using the Boise Cascade Tree-in-a-Circle trademarks in commerce.

50.     Defendant is not affiliated with or sponsored by Boise Cascade and has not been authorized by Boise Cascade to use the Boise Cascade Tree-in-a-Circle trademarks, or any confusingly similar mark.

51.     Defendant has received actual notice and knowledge of Boise Cascade's rights in the Tree-in-a-Circle trademarks.

52.     Defendant's retail locations are in close proximity to Boise Cascade's customers, to Boise Cascade's distribution facilities, and to Boise Cascade's distribution route.

53.     Defendant's unauthorized use of the Boise Cascade Tree-in-a-Circle trademarks is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

of the parties, at least as to some affiliation, connection or association of Defendant NETA with Boise Cascade, or as to the origin, sponsorship, or approval of Defendant's cannabis products and services by Boise Cascade.

54.     Defendant's unauthorized use of the Boise Cascade Tree-in-a-Circle trademarks falsely designates the origin of its products, and falsely and misleadingly describes and represents facts with respect to Defendant and its products and services.

55.     Defendant's unauthorized use of the Boise Cascade Tree-in-a-Circle trademarks enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Boise Cascade over 55 years, and to gain acceptance for its products and services not solely on its own merits, but on the reputation and goodwill of Boise Cascade, the Boise Cascade Tree-in-a-Circle trademarks, and its products and services.

56.     Defendant's unauthorized use of the NETA tree-in-a-circle logo is likely to cause dilution by blurring and by tarnishment of Boise Cascade's Tree-in-a-Circle trademarks.

57.     Defendant's unauthorized use of the Boise Cascade Tree-in-a-Circle trademarks removes from Boise Cascade the ability to control the nature and quality of products and services associated with the Boise Cascade Tree-in-a-Circle trademarks, and places the valuable reputation and goodwill of Boise Cascade in the hands of Defendant, over whom Boise Cascade has no control.

58.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Boise Cascade and to the public for which there is no adequate remedy at law.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(a))

59.     Plaintiff Boise Cascade Company repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint.

60.     Boise Cascade's Tree-in-a-Circle trademarks are nationally recognized, including within this District, as being used in connection with wood and lumber products and distribution, and with related products and services.

61.     The Boise Cascade Tree-in-a-Circle trademarks are federally registered and incontestable. Therefore, they are entitled to the utmost protection under Federal Law.

62.     Boise Cascade has continuously used its Tree-in-a-Circle trademarks in commerce for over 55 years and therefore has common law rights in its Tree-in-a-Circle trademarks.

63.     Boise Cascade's Tree-in-a-Circle trademarks constitute valid and protectable trademarks under Federal Law and common law.

64.     Defendant's acts complained of herein constitute infringement of the federally registered Boise Cascade Tree-in-a-Circle marks in violation of 15 U.S.C. § 1114(1).

65.     Boise Cascade's use of its Tree-in-a-Circle trademarks in commerce in the United States generally and in Massachusetts specifically further prove ownership of and rights to the Boise Cascade Tree-in-a-Circle trademarks.

66.     Boise Cascade is the senior user of its Tree-in-a-Circle trademarks, having priority of use of the Tree-in-a-Circle trademarks in commerce.

67.     Boise Cascade has used its Tree-in-a-Circle trademarks since at least 1956.

68.     Upon information and belief, Defendant NETA and/or its predecessors began

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

using its tree-in-a-circle logo in 2015, well after Boise Cascade owned Federal Trademark

Registrations and had established common law rights in its Tree-in-a-Circle trademarks.

69.     Boise Cascade has valid and enforceable federal and common-law rights in its

Tree-in-a-Circle trademarks.

70.     Defendant's use of its tree-in-a-circle logo is likely to cause confusion.

71.     Boise Cascade's Tree-in-a-Circle trademarks are strong because they are arbitrary

or at least suggestive, and therefore inherently distinctive.

72.     Defendant's tree-in-a-circle logo is nearly identical to Boise Cascade's Tree-in-a-

Circle trademarks.

73.     Defendant and Boise Cascade's marketing channels are similar.

74.     Defendant and Boise Cascade's consumers are similar.

75.     Defendant's sales, offers for sale, and distribution of its products, using its tree-in-

a-circle logo, are likely to cause confusion, or to cause mistake, or to deceive the consumer as to

the affiliation, connection, or association of Defendant or Defendant's products with Boise

Cascade, or as to the origin, sponsorship, or approval by Boise Cascade of Defendant's goods,

services, or commercial activities. Such confusion or mistake is likely to occur either at the point

of sale of these products, at some point commercially downstream thereafter, or in both

instances.

76.     Defendant's sales and distribution of these products enable Defendant to benefit

unfairly from Boise Cascade's reputation and success, thereby giving Defendant's infringing

products sales and commercial value they otherwise would not have.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

77.     Defendant has received actual notice and knowledge, or constructive notice, of Boise Cascade's rights in its Tree-in-a-Circle trademarks.

78.     Defendant's unauthorized use of Boise Cascade's Tree-in-a-Circle trademarks is likely, if not certain, to deceive or cause confusion or mistake among consumers as to the origin, sponsorship, or approval of Defendant's line of products and/or to cause confusion or mistake as to any affiliation, connection, or association between Boise Cascade and Defendant, in violation of 15 U.S.C. § 1125(a)(1).

79.     Boise Cascade will suffer and is suffering irreparable harm from Defendant's infringement of Boise Cascade's Tree-in-a-Circle trademarks insofar as Boise Cascade's invaluable goodwill is being eroded by Defendant's continuing infringement. Boise Cascade has no adequate remedy at law to compensate it for the consumer confusion and loss of business reputation and goodwill from Defendant's infringing activities.

80.     Pursuant to 15 U.S.C. § 1116(a), Boise Cascade is entitled to an injunction against Defendant's continuing infringement of Boise Cascade's Tree-in-a-Circle trademarks.

81.     Boise Cascade is entitled to recover Defendant's profits, damages, the costs of the action, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT II: FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

82.     Plaintiff Boise Cascade Company repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint.

83.     Defendant's use of Boise Cascade's Tree-in-a-Circle trademarks in United States commerce constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

84.     Defendant's use of Boise Cascade's Tree-in-a-Circle trademarks in United States

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

commerce is likely to cause confusion, to cause mistake, and to deceive as to the origin and sponsorship of Defendant's products and services, and to cause consumers wrongly to believe that Defendant's cannabis products are a part of, or are sponsored, licensed or otherwise approved by Boise Cascade, all to the detriment of Boise Cascade and the public.

85.     Due to Defendant's acts alleged herein, Boise Cascade has suffered, is suffering and, unless Defendant is restrained, will continue to suffer irreparable injury for which there is no adequate remedy at law.

86.     In light of the foregoing, Boise Cascade is entitled to injunctive relief, under 15 U.S.C. § 1116(a), prohibiting Defendant from using Boise Cascade's Tree-in-a-Circle trademarks.

87.     Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Boise Cascade. Defendant's unlawful actions have caused Boise Cascade monetary damage in an amount presently unknown, but in an amount to be determined at trial.

88.     In light of the forgoing, Boise Cascade is entitled to recover from Defendant all damages, including attorneys' fees, that Boise Cascade has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by the Defendant as a result thereof, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

### COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

89.     Plaintiff Boise Cascade Company repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

90.     Boise Cascade has used its Tree-in-a-Circle trademarks, in green and in black-and-white, on its goods and services in commerce for over 55 years. This includes extensive use in the Commonwealth of Massachusetts. As a result, Boise Cascade has established common law trademark rights in its Tree-in-a-Circle trademarks.

91.     Boise Cascade has valid and enforceable federal and common-law rights in its Tree-in-a-Circle trademarks.

92.     Boise Cascade is the senior user of its Tree-in-a-Circle trademarks, having priority of use of the Tree-in-a-Circle trademarks in commerce.

93.     Defendant's activities described herein constitute acts of trademark infringement in violation of Boise Cascade's rights under the common law of the Commonwealth of Massachusetts and other states of the United States.

94.     Defendant's unauthorized use of Boise Cascade's Tree-in-a-Circle trademarks is likely to cause confusion or mistake among consumers as to the origin, sponsorship, or approval of Defendant's cannabis business and/or to cause confusion or mistake or to deceive as to the affiliation, connection, or association of Defendant with Boise Cascade.

95.     Defendant's acts of trademark infringement have caused and are causing great and irreparable harm to Boise Cascade and to Boise Cascade's goodwill.

96.     By reason of the acts of Defendant alleged herein, Boise Cascade has suffered, is suffering, and, unless Defendant is restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

97.     In light of the foregoing, Boise Cascade is entitled to injunctive relief prohibiting Defendant from using Boise Cascade's Tree-in-a-Circle trademarks.

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

98.     Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Boise Cascade. Defendant's unlawful actions have caused Boise Cascade monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV: INJURY TO BUSINESS REPUTATION UNDER MASSACHUSETTS LAW (M.G.L. c. 110H, § 13)

99.     Plaintiff Boise Cascade Company repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint.

100.    Boise Cascade has used its Tree-in-a-Circle trademarks, in green and in black-and-white, on its goods and services in commerce for over 55 years. This includes extensive use in the Commonwealth of Massachusetts. As a result, Boise Cascade has established common law trademark rights in its Tree-in-a-Circle trademarks.

101.    Boise Cascade's use in commerce of its Boise Cascade Tree-in-a-Circle trademarks, as described above, predates by decades Defendant's use of its confusingly similar tree-in-a-circle logo. Upon information and belief, Defendant began using its tree-in-a-circle logo in 2015, well after Boise Cascade owned Federal Trademark Registrations and had established common law rights in its Tree-in-a-Circle trademarks.

102.    Boise Cascade has valid and enforceable federal and common-law rights in its Tree-in-a-Circle trademarks.

103.    Boise Cascade's Tree-in-a-Circle trademarks are strong because they are arbitrary or at least suggestive, and therefore inherently distinctive.

104.    Defendant's tree-in-a-circle logo is nearly identical to Boise Cascade's Tree-in-a-

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

Circle trademarks.

105.     Defendant's use of a nearly-identical tree-in-a-circle logo in connection with the promotion, sale, and licensing of cannabis goods and services is causing injury to the business reputation of Boise Cascade in violation of Massachusetts General Laws, Chapter 110H, § 13.

106.     As a result of Defendant's violations of Massachusetts General Laws, Chapter 110H, § 13, Boise Cascade has suffered, is suffering and, unless Defendant is restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

## COUNT V: DILUTION UNDER MASSACHUSETTS LAW (M.G.L. c. 110H, § 13)

107.     Plaintiff Boise Cascade Company repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint.

108.     Boise Cascade has used its Tree-in-a-Circle trademarks, in green and in black-and-white, on its goods and services in commerce for over 55 years. This includes extensive use in the Commonwealth of Massachusetts. As a result, Boise Cascade has established common law trademark rights in its Tree-in-a-Circle trademarks.

109.     Boise Cascade's use in commerce of its Boise Cascade Tree-in-a-Circle trademarks, as described above, predates by decades Defendant's use of its confusingly similar tree-in-a-circle logo. Upon information and belief, Defendant began using its tree-in-a-circle logo in 2015, well after Boise Cascade owned Federal Trademark Registrations and had established common law rights in its Tree-in-a-Circle trademarks.

110.     Boise Cascade has valid and enforceable federal and common-law rights in its Tree-in-a-Circle trademarks.

111.     Boise Cascade's Tree-in-a-Circle trademarks are strong because they are arbitrary

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

or at least suggestive, and therefore inherently distinctive.

112.    Defendant's tree-in-a-circle logo is nearly identical to Boise Cascade's Tree-in-a-Circle trademarks.

113.    Defendant's use of a nearly-identical tree-in-a-circle logo in connection with the promotion, sale, and licensing of cannabis goods and services in Massachusetts dilutes the distinctive quality of Boise Cascade's Tree-in-a-Circle trademarks in violation of Massachusetts General Laws, Chapter 110H, § 13.

114.    As a result of Defendant's violations of Massachusetts General Laws, Chapter 110H, § 13, Boise Cascade has suffered, is suffering and, unless Defendant is restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

**COUNT VI: UNFAIR TRADE PRACTICES
UNDER MASSACHUSETTS LAW (M.G.L. c. 93A, § 11)**

115.    Plaintiff Boise Cascade Company repeats and realleges the allegations set forth in the foregoing paragraphs of this Complaint.

116.    Boise Cascade and Defendant are engaged in the conduct of trade or commerce within the meaning of Massachusetts General Laws, Chapter 93A, § 11.

117.    Boise Cascade's use in commerce of its Boise Cascade Tree-in-a-Circle trademarks, as described above, predates by decades Defendant's use of its confusingly similar tree-in-a-circle logo.

118.    Defendant's acts, conduct, and practices described above occurred and are occurring primarily and substantially within the Commonwealth of Massachusetts, including because Defendant and Boise Cascade are located within this District and injury is occurring in

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

this jurisdiction.

119.   By the acts complained of herein, including without limitation the use of NETA's tree-in-a-circle logo in connection with the promotion, sale, and licensing of cannabis goods and services in Massachusetts, Defendant has engaged in unfair and deceptive trade practices in violation of Massachusetts General Laws, Chapter 93A, § 11.

120.   As a result of Defendant's violations of Massachusetts General Laws, Chapter 93A, § 11, Boise Cascade has suffered, is suffering and, unless Defendant is restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

121.   As a result of Defendant's conduct in violation of Massachusetts General Laws, Chapter 93A, § 11, Boise Cascade is entitled to trebled monetary damages and attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Boise Cascade Company respectfully requests that this Court enter judgment against Defendant as follows:

A.   Finding that Defendant has violated Sections 43(a) and 32 of the Lanham Act (15 U.S.C. §§ 1125(a), 1114);

B.   Finding that Defendant has infringed and is currently infringing Boise Cascade's federal and state common law trademark rights;

C.   Finding that Defendant has violated Massachusetts General Laws, for injury to business reputation, dilution, and unfair trade practices (Massachusetts General Laws, Chapters 110H, § 13; 93A, §§ 2, 11);

D.   Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

Procedure and 15 U.S.C. § 1116, permanently restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(i)      Advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products that bear the tree-in-a-circle logo, or otherwise using that logo in connection with goods, services, or promotional materials;

(ii)      Engaging in any other activity constituting trademark infringement, false designation of origin, dilution, injury to business reputation, or unfair trade practices with Boise Cascade;

(iii)      Engaging in any other activity that will cause public or consumer confusion between Boise Cascade and Defendant; or

(iv)      Engaging in any other activity that will dilute the distinctive quality of Boise Cascade's Tree-in-a-Circle trademarks;

E.      Requiring Defendant to file with this Court and serve on Boise Cascade within thirty (30) days after entry of the injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

F.      Awarding Boise Cascade actual and punitive damages to which it is entitled under applicable federal and state laws;

G.      Awarding Boise Cascade its damages, costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

H.      Awarding Boise Cascade its trebled damages, attorneys' fees and costs, to the full extent provided by Massachusetts General Laws, Chapter 93A, § 11; and

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES

I.      Awarding Boise Cascade such additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: April 17, 2019

                              Respectfully submitted,
                              By: */s/     David Viens*
                                  Joseph Seckler, BBO #550309
                                  David Viens, BBO #664281
                                  Morrison Mahoney LLP
                                  446 Main Street, Suite 1010
                                  Worcester MA 01608
                                  Phone: 508-757-7777
                                  JSeckler@morrisonmahoney.com
                                  DViens@morrisonmahoney.com


                                  *Attorneys for Plaintiff*
                                  BOISE CASCADE COMPANY

COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,
INJURY TO BUSINESS REPUTATION, DILUTION,
AND UNFAIR TRADE
PRACTICES