UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOISE CASCADE COMPANY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 1:19-cv-10738-NMG |
| | ) | |
| NEW ENGLAND TREATMENT ACCESS, LLC, | ) | |
| | ) | ANSWER OF DEFENDANT |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant New England Treatment Access, LLC ("NETA") by and through its attorneys, answers Plaintiff Boise Cascade Company's ("Boise") Complaint and alleges its affirmative defenses as follows. NETA denies all allegations contained in section headings or other portions of the Complaint that are not contained within the specifically numbered paragraphs of the Complaint. Unless otherwise specifically noted, NETA lacks knowledge or information sufficient to admit or deny the truth of allegations concerning persons other than itself. To the extent that the Complaint contains such allegations concerning other persons, NETA denies that they support any claim for relief against NETA. NETA objects to responding to any legal conclusions contained within the Complaint.

## NATURE OF THE ACTION

1. NETA denies that any violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), occurred or that any violations of trademark infringement under any federal and state common law occurred, denies that any actions whatsoever of NETA amount to injury to business reputa-

1

B5005477.1

tion or dilution under Massachusetts General Laws, Chapter 110H, § 13, and denies any violation of unfair trade practices under Massachusetts General Laws, Chapter 93A, §§ 2, 11.

## PARTIES

2.   In response to paragraph 2 of the Complaint, NETA is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on this basis denies the allegations.

3.   In response to paragraph 3 of the Complaint, NETA is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on this basis denies the allegations.

4.   In response to paragraph 4 of the Complaint, NETA admits the allegations of the Complaint.

5.   In response to Paragraph 5 of the Complaint, NETA denies that it has "two physical retail locations" at the addresses listed in the Complaint but admits that it has one physical retail location at 160 Washington St. Brookline, Massachusetts.

## JURISDICTION AND VENUE

6.   In response to paragraph 6 of the Complaint, NETA admits this Court has jurisdiction over the causes of action indicated in this Paragraph.

7.   In response to paragraph 7 of the Complaint, NETA admits the Court has personal jurisdiction over Defendant but denies that it has two physical retail locations and denies that any infringing activities have occurred or are presently occurring in Massachusetts or elsewhere.

8.   In response to paragraph 8 of the Complaint, NETA admits that venue in this district is proper. NETA denies the remainder of the allegations in paragraph 8 of the Complaint.

B5005477.1

## **BACKGROUND**

9.   In response to paragraph 9 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

10. In response to paragraph 10 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

11. In response to paragraph 11 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

12. In response to paragraph 12 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

13. In response to paragraph 13 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

14. In response to paragraph 14 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

15. In response to paragraph 15 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

16. In response to paragraph 16 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

B5005477.1

17. In response to paragraph 17 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

18. In response to paragraph 18 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

19. In response to paragraph 19 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

20. In response to paragraph 20 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

21. In response to paragraph 21 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

22. In response to paragraph 22 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

23. In response to paragraph 23 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

24. In response to paragraph 24 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

25. In response to paragraph 25 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

B5005477.1

26. In response to paragraph 26 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

27. In response to paragraph 27 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

28. In response to paragraph 28 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

29. In response to paragraph 29 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

30. In response to paragraph 30 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

31. In response to paragraph 31 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

32. In response to paragraph 32 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

33. In response to paragraph 33 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

34. In response to paragraph 34 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

B5005477.1

35. In response to paragraph 35 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

36. In response to paragraph 36 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

37. In response to paragraph 37 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

38. In response to paragraph 38 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

39. In response to paragraph 39 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

40. In response to paragraph 40 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

41. In response to paragraph 41 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

42. In response to paragraph 42 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

43. In response to paragraph 43 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

B5005477.1

44. In response to paragraph 44 of the Complaint, NETA admits it is in the cannabis industry.

45. In response to paragraph 45 of the Complaint, NETA admits it has two locations in Massachusetts: one in Brookline and one in Northampton, Massachusetts.

46. In response to paragraph 46 of the Complaint, NETA admits that New England Treatment Access, Inc., a Massachusetts non-profit corporation, was formed in 2013 and in 2018 converted into a domestic profit corporation, New England Treatment Access, Inc., which in 2018 converted into Defendant NETA.

47. In response to paragraph 47 of the Complaint, NETA admits it promotes some of its products and services under the tree design mark shown in the left-hand column in the chart provided in the Complaint (the "NETA Tree Design Logo") but denies that the logo is confusingly similar.

48. In response to paragraph 48 of the Complaint, NETA admits the NETA Tree Design Logo is prominently displayed on its website and on its cannabis products as shown in the Complaint but denies that the green is "nearly identical" to the alleged Boise Cascade Tree-in-a-Circle trademark alleged in the Complaint.

49. In response to paragraph 49 of the Complaint, NETA denies the allegation.

50. In response to paragraph 50 of the Complaint, NETA admits it is not affiliated with or sponsored by Boise and denies the remaining allegations on the basis that, among other things,  NETA is not using, and has not made any use of, the alleged Boise Cascade Tree-in-a-Circle trademarks and on that basis, no authorization has been sought or provided. Other than as specifically admitted herein, NETA denies the allegation.

51. In response to paragraph 51 of the Complaint, NETA denies this allegation both as to any alleged rights in the Tree-in-a-Circle trademarks and as to NETA's notice or knowledge of the alleged rights.

B5005477.1

52. In response to paragraph 52 of the Complaint, NETA is without sufficient knowledge or information at this time as to the location of Boise's customers, Boise's distribution facilities, or Boise's distribution route, and on this basis denies the allegations.

53. NETA denies the allegations in paragraph 53 of the Complaint.

54. NETA denies the allegations in paragraph 54 of the Complaint.

55. NETA denies the allegations in paragraph 55 of the Complaint.

56. NETA denies the allegations in paragraph 56 of the Complaint.

57. NETA denies the allegations in paragraph 57 of the Complaint.

58. NETA denies the allegations in paragraph 58 of the Complaint.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(a))

59. NETA is not required to admit or deny the allegations of paragraph 59 of the Complaint as all prior allegations have been addressed.

60. In response to paragraph 60 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

61. In response to paragraph 61 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

62. In response to paragraph 62 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

63. In response to paragraph 63 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

64. NETA denies the allegations in paragraph 64 of the Complaint.

B5005477.1

65. In response to paragraph 65 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

66. In response to paragraph 66 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

67. In response to paragraph 67 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

68. In response to paragraph 68 of the Complaint, NETA admits it and/or its predecessors began using the NETA Tree Design Logo at least as early as 2015, but denies the remaining allegations.

69. In response to paragraph 69 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

70. NETA denies the allegations in paragraph 70 of the Complaint.

71. In response to paragraph 71 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

72. NETA denies the allegations in paragraph 72 of the Complaint.

73. In response to paragraph 73 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

74. In response to paragraph 74 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

75. NETA denies the allegations in paragraph 75 of the Complaint.

B5005477.1

76. NETA denies the allegations in paragraph 76 of the Complaint.

77. NETA denies the allegations in paragraph 77 of the Complaint.

78. NETA denies the allegations in paragraph 78 of the Complaint.

79. NETA denies the allegations in paragraph 79 of the Complaint.

80. NETA denies the allegations in paragraph 80 of the Complaint.

81. NETA denies the allegations in paragraph 81 of the Complaint.

## COUNT II: FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

82. NETA is not required to admit or deny the allegations of paragraph 82 of the Complaint as all prior allegations have been addressed.

83. NETA denies the allegations in paragraph 83 of the Complaint.

84. NETA denies the allegations in paragraph 84 of the Complaint.

85. NETA denies the allegations in paragraph 85 of the Complaint.

86. NETA denies the allegations in paragraph 86 of the Complaint.

87. NETA denies the allegations in paragraph 87 of the Complaint.

88. NETA denies the allegations in paragraph 88 of the Complaint.

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

89. NETA is not required to admit or deny the allegations of paragraph 89 of the Complaint as all prior allegations have been addressed.

90. In response to paragraph 90 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

91. In response to paragraph 91 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

10

92. In response to paragraph 92 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

93. NETA denies the allegations in paragraph 93 of the Complaint.

94. NETA denies the allegations in paragraph 94 of the Complaint.

95. NETA denies the allegations in paragraph 95 of the Complaint.

96. NETA denies the allegations in paragraph 96 of the Complaint.

97. NETA denies the allegations in paragraph 97 of the Complaint.

98. NETA denies the allegations in paragraph 98 of the Complaint.

## COUNT IV: INJURY TO BUSINESS REPUTATION UNDER MASSACHUSETTS LAW (M.G.L. c. 110H, § 13)

99. NETA is not required to admit or deny the allegations of paragraph 99 of the Complaint as all prior allegations have been addressed.

100.   In response to paragraph 100 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

101.   In response to paragraph 101 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

102.   In response to paragraph 102 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

103.   In response to paragraph 103 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

104.   NETA denies the allegations in paragraph 104 of the Complaint.

B5005477.1

105.     NETA denies the allegations in paragraph 105 of the Complaint.

106.     NETA denies the allegations in paragraph 106 of the Complaint.

## COUNT V: DILUTION
## UNDER MASSACHUSETTS LAW (M.G.L. c. 110H, § 13)

107.     NETA is not required to admit or deny the allegations of paragraph 107 of the Complaint as all prior allegations have been addressed.

108.     In response to paragraph 108 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

109.     In response to paragraph 109 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

110.     In response to paragraph 110 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

111.     In response to paragraph 111 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

112.     NETA denies the allegations in paragraph 112 of the Complaint.

113.     NETA denies the allegations in paragraph 113 of the Complaint.

114.     NETA denies the allegations in paragraph 114 of the Complaint.

## COUNT VI: UNFAIR TRADE PRACTICES
## UNDER MASSACHUSETTS LAW (M.G.L. c. 93A, § 11)

115.     NETA is not required to admit or deny the allegations of paragraph 115 of the Complaint as all prior allegations have been addressed.

B5005477.1

116.    In response to paragraph 116 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

117.    In response to paragraph 117 of the Complaint, NETA is without sufficient knowledge or information at this time to form a belief as to the truth of these allegations, and on this basis denies the allegations.

118.    NETA denies the allegations in paragraph 118 of the Complaint.

119.    NETA denies the allegations in paragraph 119 of the Complaint.

120.    NETA denies the allegations in paragraph 120 of the Complaint.

121.    NETA denies the allegations in paragraph 121 of the Complaint.

## DEMAND FOR RELIEF

NETA denies that Boise is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without admitting it carries the burden of proof as to any of the issues raised by the following separate and independent defenses, Defendant prays for judgment as set forth below, and further gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action, and reserves the right to amend its Answer to assert any such defenses.  Subject to the foregoing, Defendant hereby asserts the following defenses to the Complaint as follows.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Cause of Action)

The Complaint, and each and every allegation therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Laches, Waiver, Implied Consent, Implied License and/or Acquiescence)

13

The Complaint, and each and every claim therein, is barred, in whole or in part, by the doctrine of laches, waiver, implied consent, implied license, and/or acquiescence.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every claim therein, is barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every claim therein, is barred under the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every claim therein, is barred because Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff failed to properly mitigate its alleged damages and is therefore precluded from recovering those alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff has not incurred any actual damages or injury as a result of Defendant's allegedly infringing activities.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Plaintiff's claims for injunctive relief and/or other equitable relief are barred because Plaintiff cannot show that it has suffered or will suffer any irreparable harm from Defendant's actions and/or because it has an adequate and complete remedy at law.

B5005477.1

## NINTH AFFIRMATIVE DEFENSE

### (Non-Infringing Use)

The Complaint, and each and every claim therein, is barred because Defendant's use is non-infringing.

## TENTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

Without admitting that the Complaint states a claim, any remedies are limited to a single recovery for any alleged wrong to the extent that Plaintiff sought overlapping or duplicative recovery pursuant to the various claims alleged against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff. Accordingly, Defendant reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

WHEREFORE, Defendant prays for relief as follows:

1.      That Plaintiff takes nothing by way of its Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

2.      That the Complaint, and each and every purported claim for relief therein, be dismissed, with prejudice and in its entirety;

3.      That Defendant be awarded its costs of suit incurred in defending this action, including attorneys' fees and expenses; and

4.      That Defendant be granted such other and further relief as the Court may deem just and proper.

B5005477.1

## **JURY DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.

June 17, 2019                                      NEW ENGLAND TREATMENT ACCESS, LLC

By its attorneys,

/s/ David A. Kluft
David A. Kluft BBO No. 658970
Joshua Jarvis BBO No. 663210
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
617 832 1000
dkluft@foleyhoag.com

B5005477.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing has been served

on all known counsel of record via ECF on June 17, 2019.

/s/ David A. Kluft_____
David A. Kluft, Esq.

17

B5005477.1